**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER HOLLAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-15987** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NORTHWEST REPOSSESSION, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Christopher Holland ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Northwest Repossession, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") for Defendant's failure to pay minimum wage for all hours worked to Plaintiff.

2. This lawsuit further arises under the Illinois Wage Payment & Collection Act (820 ILCS 115/9) ("IWPCA") for Defendant's unlawful deductions that left Plaintiff working for Defendant for less than minimum wage.

3. This lawsuit further arises under the Illinois Minimum Wage Law (820 ILCS 105/) ("IMWL") for Defendant's failure to pay minimum wage to Plaintiff.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action

is authorized and instituted pursuant to 29 U.S.C. §201, *et seq*.

5.      Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6.      This Court has pendent jurisdiction and supplementary jurisdiction of Count II and III through 28 U.S.C. §1367.

## PARTIES

7.      At all times material to the allegations contained in this Complaint, Plaintiff, Christopher Holland, resided in DuPage County in the State of Illinois.

8.      At all times material to the allegations in this Complaint, Defendant, Northwest Repossession, LLC. was an LLC doing business in and for DuPage County in the State of Illinois at the following address: 4050 N Industrial Ave, Rolling Meadows, IL.

## GENERAL FACTUAL ALLEGATIONS

9.      Plaintiff was employed by Defendant as a field investigator (a non-exempt employee) from on or about October 2022, until his constructive discharge on or about October 1, 2023.

10.     Plaintiff performed a specific job which was an integral part of the business of Defendant.

11.     Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(d), the IWCPA (820 ILCS 115/), and the IMWL, 820 ILCS 105/3(c)..

12.     Defendant was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d), the Illinois Wage Payment & Collection Act (820 ILCS 115/), and the IMWL, 820 ILCS 105/3(c).

13.     Defendant was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and

was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

14.     Defendant is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and may hereinafter be referred to jointly as the "Employer". Moreover, this same "Employer", individually or together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r), and (s).

15.     On or about October 1, 2023, Plaintiff was constructively discharged from his employment.

16.     On August 18, 2023, Defendant, without authorization from Plaintiff, took $50.00 out of Plaintiff's paycheck under "miscellaneous."

17.     On August 25, 2023, Defendant, without authorization from Plaintiff, took $50.00 out of Plaintiff's paycheck under "miscellaneous."

18.     On September 1, 2023, Defendant, without authorization from Plaintiff, took $50.00 out of Plaintiff's paycheck under "miscellaneous."

19.     On September 8, 2023, Defendant, without authorization from Plaintiff, took $50.00 out of Plaintiff's paycheck under "miscellaneous."

20.     On September 15, 2023, Defendant, without authorization from Plaintiff, took $549.43.00 out of Plaintiff's paycheck under "loan" and "miscellaneous."

21.     On September 22, 2023, Defendant, without authorization from Plaintiff, took $149.43 out of Plaintiff's paycheck under "loan" and "miscellaneous."

22.     On September 29, 2023, Defendant, without authorization from Plaintiff, took $950.00 out of Plaintiff's paycheck under "loan," "advance" and "miscellaneous."

23.     On October 6, 2023, Defendant, without authorization from Plaintiff, took $950.00

out of Plaintiff's paycheck under "loan," "advance" and "miscellaneous."

24.     On October 13, 2023, Defendant, without authorization from Plaintiff, took $160.00 out of Plaintiff's paycheck under "miscellaneous."

25.     October 13, 2023 would be when Plaintiff received his last paycheck which should have totaled $190.44 gross but instead totaled $6.43 after Defendant's unauthorized deductions.

26.     Plaintiff hourly rate is $18.00 per hour.

27.     This missing pay includes but is not limited to unauthorized deductions made from Plaintiff's paycheck by Defendant.

28.     Plaintiff attempted to question the Defendant about this but when he called his boss, Plaintiff was hung up on and blocked.

29.     Plaintiff told his boss later that he was quitting because Defendant was taking money out of his paychecks.

30.     Plaintiff was constructively discharged as he was forced to quit when the Defendant stopped paying minimum wages for all hours worked.

31.     As a result of these wrongful practices, Plaintiff was not paid minimum wage for all hours work due to Defendant's unlawful deductions

32.     To present, Plaintiff has still not received full minimum wage payment for all hours of work or reimbursement for the improper deductions.

### COUNT I
### Violation of the Fair Labor Standards Act
### (Failure to Pay Minimum Wages)

33.     Plaintiff hereby repeats and incorporates paragraphs 1-32 as if set forth fully herein.

34.     This count arises from Defendant's violations of the Fair Labor Standards Act,

29 U.S.C. §201, *et seq*., for their failure to pay minimum wages to Plaintiff for all hours worked.

35.     During the course of his employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206.

36.     Plaintiff was directed by Defendant to work, and did work, and was not paid for all hours worked due to the unlawful deductions.

37.     Pursuant to 29 U.S.C. §206, for all weeks during which Plaintiff worked he was entitled to be compensated at a rate 100% of her regular rate of pay.

38.     Defendant did not compensate Plaintiff at a rate of 100% of his regular rate of pay for all hours worked in individual workweeks.

39.     Defendant's failure and refusal to pay minimum wages for all hours worked was a violation of the Fair Labor Standards Act, 29 U.S.C. §206.

40.     Defendant willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff minimum wage pay for all times worked.

## COUNT II
### Violation of the Illinois Minimum Wage Law
### (Unlawful Deductions)

41.     Plaintiff hereby repeats and incorporates paragraphs 1-32 as if set forth fully herein.

42.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

43.     The matters set forth in this Count arise from Defendant's violation of the minimum wage compensation provisions of the IWCPA (820 ILCS 115/9).

44.     Plaintiff brings this action pursuant to 820 ILCS 115/9. Pursuant to 820 ILCS 115/9, states, "except as hereinafter provided, deductions by employers from wages or final compensation are prohibited unless such deductions are (1) required by law; (2) to the benefit of

the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made….

45.     Defendant unlawfully deducted Plaintiff's wages without express written consent by Plaintiff at the time of the deduction was made.

### COUNT III
### Violation of the Illinois Minimum Wage Law
### Failure to Pay Minimum Wages

46.     Plaintiff hereby repeats and incorporates paragraphs 1-32 as if set forth fully herein.

47.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

48.     The matters set forth in this Count arise from Defendant's violation of the minimum wage compensation provisions of the IMWL, 820 ILCS 105/4(a)(1).

49.     Plaintiff brings this action pursuant to 820 ILCS 105/4(a)(1). Pursuant to 820 ILCS 105/4(a)(1), for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated at the minimum of $18.00 per hour for all work.

50.     Plaintiff was directed by Defendant to work, and did work, and was not paid for all hours worked due to the unlawful deductions.

51.     Therefore, Defendant did not compensate Plaintiff at a rate of 100% of his regular rate of pay for all hours worked in individual workweeks.

52.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover his unpaid wages, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

6

a. Back Pay;

b. Liquidated damages

c. Prejudgment interest;

d. Reasonable attorneys' fees and costs incurred in filing this action; and

e. For such other and further relief as this Court deems appropriate and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 15th day of November 2023.

*/s/ Alexander J. Taylor*
**ALEXANDER J. TAYLOR, ESQ.**
*Counsel for Plaintiff*
**SULAIMAN LAW GROUP, LTD**
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Facsimile: (630) 575-8188
Email: ataylor@sulaimanlaw.com

7